# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Martin McCoy III,**
**Petitioner Below, Petitioner**

**FILED**

**February 11, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

vs) **No. 11-1636** (Logan County 07-C-248)

**Dennis Dingus, Warden,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Martin McCoy III, by counsel R. Matthew Vital and James A. Spenia, appeals the Circuit Court of Logan County's order entered on September 26, 2011, granting respondent's motion for summary judgment and dismissing petitioner's petition for writ of habeas corpus. Respondent Warden Dingus,[1] by counsel Scott E. Johnson, filed a response in support of the circuit court's decision.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner filed a petition for writ of habeas corpus on several grounds in July of 2007. His petition was denied without a hearing, and petitioner appealed the denial. Upon review, this Court granted his appeal and remanded the case for appointment of counsel and an omnibus hearing. Counsel was appointed by the circuit court as directed. However, prior to a hearing being held, petitioner discharged his sentence. At that time, the State moved for summary judgment based on petitioner's release, arguing that habeas relief cannot lie when the individual is no longer incarcerated. The circuit court granted the State's motion, finding that petitioner is no longer entitled to habeas relief based upon his release from incarceration.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of

---

[1] Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, the name of the current public officer has been substituted as a respondent in this action.

law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner argues that the definition of "incarcerated" found in the West Virginia Code should be extended to include anyone convicted of a felony, whether or not that person is incarcerated at the time. Petitioner also argues that his counsel was ineffective in failing to disclose that counsel was previously a police officer and therefore, was biased in favor of the police department. The State argues in response that summary judgment was proper because this Court's order was no longer binding upon petitioner's release.

Pursuant to West Virginia Code § 53-4A-1, the right to post-conviction habeas corpus relief is limited to "[a]ny person convicted of a crime and incarcerated under sentence of imprisonment therefor . . . ." Moreover, West Virginia Code § 53-4A-3(b) states that any writ issued "shall be directed to the person under whose supervision the petitioner is incarcerated." As there is no dispute that petitioner is not incarcerated, this Court finds that the circuit court order granting the State's motion for summary judgment is proper.

For the foregoing reasons, we affirm the circuit court's order.

Affirmed.

**ISSUED:** February 11, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II